IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------  :
CHASE BANK USA, N.A.,                          : CASE NO.  1:06 CV 01222
                                                                      :
                                          Plaintiff,    :
                                                                      : MEMORANDUM OF OPINION AND
                     -vs-                              : ORDER DENYING PLYMOUTH'S
                                                                      : MOTION TO INTERVENE
                                                                      :
HAROLD BROWN, JR., et al.,                   :
                                                                      :
                                     Defendants.    :
                                                                      :

------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

         In this residential foreclosure action brought by plaintiff Chase Bank USA

("Chase") against defendants Harold and Francine Brown ("the Browns"), Plymouth

Park Tax Services, LLC ("Plymouth") requests permission to intervene as a new party

defendant, asks the Court to vacate the Decree of Foreclosure adopted on 18 January

2007, and moves to dismiss the foreclosure case pursuant to Ohio Civil Rule 41(B) for

failure to prosecute.  (Doc. 39).  The Court has received no responsive pleadings in this

matter.

         For the reasons discussed below, Plymouth's motion to intervene will be denied

and its motion to vacate the Decree of Foreclosure and dismiss the case will be

declared moot.

**BACKGROUND**

On 17 May 2006, Chase brought this foreclosure action against the Browns with respect to the real properly located at 4445 East 158th Street, Cleveland, Ohio 44128. (Doc. 1, Parcel No. 14214029).  Eight months later, on 18 January 2007 the Court entered a Default Judgment and Decree of Foreclosure in favor of Chase and against the Browns in the principal amount of $79,559.39 with interest at the rate of 9.75% from 10 January 2006.  (Doc. 14).

The Court's Default Judgment and Decree in Foreclosure Orders the Master Commissioner to first pay any Cuyahoga County taxes and assessments due upon sale of the property.  The Court's Order explicitly notes that Chase is the "first and best lienholder junior only to real estate taxes."  Id. at 3.  On 3 April 2008 Chase moved to cancel the sale of the property which the Court granted.  (Doc. 36).

Subsequent to the Court's Default Judgment and Decree in Foreclosure, putative intervenor Plymouth purchased the real estate taxes due on the Brown's residence at 4445 East 158th Street for the years 2005, 2006, and 2007 in a negotiated sale pursuant to Ohio Revised Code 5721.33.  (Doc. 39, Exhibits A, B, and C).  The tax delinquency for 2005 is $1,393.24, for 2006 is $1,391.52, and for 2007 is $1,392.95.  Id.  The Cuyahoga County Recorder noted Plymouth's purchase of these three Tax Certificates as follows: 2005 lien year recorded on 15 June 2007; 2006 lien year recorded on 12 October 2007; and 2007 lien year recorded on 2 October 2008.  Id.  As a consequence of that transaction Plymouth stands in the shoes of the Treasurer of Cuyahoga County.

2

**LAW AND DISCUSSION**

Plymouth now seeks to intervene "as of right" pursuant to Federal Rule of Civil Procedure 24(a).  (Doc. 39).  Rule 24 provides that a non-party may intervene as "of right" when, "[o]n timely motion," the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  As such, Rule 24 allows an absentee party to petition for intervention when it "stands to have its interests harmed."  Glancy v. Taubman Centers. Inc., 373 F.3d 656, 670 n. 13.  The Sixth Circuit has held that Rule 24 "should be 'broadly construed in favor of potential intervenors.'"  Coalition to Defend Affirmative Action v. Granholm, 501 F.3d 775, 779 (6th Cir.2007) (quoting Purnell v. City of Akron, 925 F.2d 941, 950 (6th Cir.1991)).  But the Court must balance these considerations against the public's and the litigants' interest in the expedient resolution of claims.  See Jansen v. City of Cincinnati, 904 F.2d 336, 339-40 (6th Cir.1990).  Accordingly, the Court should be wary of intervenors that delay proceedings or unnecessarily increase the complexity and cost of a suit. Id.

"[A] proposed intervenor must establish four factors before being entitled to intervene: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest."  Granholm, 501 F.3d at 779 (citing Grutter v. Bollinger, 188 F.3d 394, 397-98 (6th Cir.1999)).  "'The proposed intervenor must prove each of the four factors; failure to

3

meet one of the criteria will require that the motion to intervene be denied.'" United States v. Michigan, 424 F.3d 438, 443 (6th Cir.2005) (quoting Grubbs v. Norris, 870 F.2d 343, 345 (6th Cir.1989)).

Plymouth must first demonstrate the timeliness of its motion to intervene. See Granholm, 501 F.3d at 779. The Sixth Circuit has "identified several factors to be established in determining whether a request for intervention is timely:"

> (1) the point to which the suit has progressed;

> (2) the purpose for which intervention is sought;

> (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case;

> (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and

> (5) the existence of unusual circumstances militating against or in favor of intervention.

United States v. Tennessee, 260 F.3d 587, 592 (6th Cir.2001) (quoting Grubbs v. Norris, 870 F.2d 343, 345 (6th Cir.1989)). "The determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances," id., and "is within the trial court's discretion," Sales v. Marshall, 873 F.2d 115, 121 (6th Cir.1989).

1. Stage of Proceedings

A critical factor in determining the propriety of intervention is the steps which occurred "along the litigation continuum" during the period of time between the filing of

4

the complaint and the motion to intervene.  Stupak-Thrall v. Glickman, 226 F.3d 467, 475 (6th Cir.2000).  "If the litigation has 'made extensive progress in the district court before the [absentee party] moved to intervene' then this factor weighs against intervention." Tennessee, 260 F.3d at 592 (quoting Stupak-Thrall, 226 F.3d at 475).  A motion "to intervene filed during the final stages of a proceeding is not favorably viewed."  United States v. BASF-Inmont Corp., 1995 WL 234648, at *2.

In this instance, Plymouth seeks to intervene in the eleventh hour.  This matter has been winding its way through the Court for thirty-one months prior to Plymouth's motion to intervene.  In that time the Court has vetted the foreclosure proceedings, stayed the matter while the Browns negotiated bankruptcy proceedings, ordered a default judgment following an order of default, ordered a decree in foreclosure (specifically protecting Plymouth's interest), satisfied reimbursement requests pursuant to the Master Commissioner's motion, granted sale of the subject real estate, and ordered the sale cancelled pursuant to a motion by Chase.  Plymouth purchased each of the three tax liens subsequent to this Court's Order of Default Judgment and Decree in Foreclosure.  This factor weighs against Plymouth's intervention.

### 2. Purpose of Intervention

Plymouth maintains its intervention in this matter is necessary to protect its interest in the subject real property.  A review of this Court's Default Judgment and Decree in Foreclosure notes that the Treasurer of Cuyahoga County, in whose shoes Plymouth now stands, has first priority from the proceeds of the sale of the subject real

property.  Because Plymouth's interest is already protected in its primacy, this factor weighs against intervention.

    3. <u>Length of Time</u>

"An entity that is aware that its interests may be impaired by the outcome of the litigation is obligated to seek intervention as soon as it is reasonably apparent that it is entitled to intervene." <u>Tennessee</u>, 260 F.3d at 594.  The original complaint in this matter was filed on 17 May 2006, approximately thirty-one months prior to Plymouth's motion to intervene.  Plymouth registered its first Tax Certificate on the real property in this matter on 15 June 2007, but did not bring its motion to intervene for another eighteen months.  Plymouth knew it had an interest in the outcome of the instant litigation no later than 15 June 2007, when it registered its first Tax Certificate lien against the subject real property.  Plymouth chose not to move for intervention until eighteen months later.  This factor weighs against Plymouth's intervention.

    4. <u>Prejudice to Existing Parties</u>

In this instance, the question is whether Chase is prejudiced by Plymouth's failure "to apply promptly for intervention" after 15 June 2007.  <u>See</u> <u>Tennessee</u>, 260 F.3d at 592.  Plymouth maintains that "while [this matter] remains open, [it] prevents Plymouth [ ] from initiating its own foreclosure proceedings."  (Doc. 39).  Further, Plymouth seeks to intervene so that it may move to vacate the Court's Decree of Foreclosure and dismiss the instant foreclosure matter in its entirety.  <u>Id</u>.  Chase has expended thirty-one months pursuing the foreclosure process in this matter, during

6

which, at any time in the last eighteen months, Plymouth could have sought to intervene.  In addition, by this late date, monies have been disbursed in reimbursement (Docs. 33, 38) and the case has been termed.  This factor weighs against Plymouth's intervention.

    5. <u>Unusual Circumstances</u>

    Neither party argues that unusual circumstances militate against or in favor of intervention. The Court also does not recognize any unusual circumstances, and so therefore this factor does not weigh in favor of either party.

    **CONCLUSION**

    Ultimately, the considered factors for determining the timeliness of intervention align against Plymouth.  Plymouth moved to intervene in the final stage of this matter yet offers no excuse for its tardiness.  Accordingly, the Court denies Plymouth's motion to intervene and declares as moot Plymouth's motions to vacate the Decree in Foreclosure and to dismiss the case.

    IT IS SO ORDERED.

                                            /s/Lesley Wells
                                            UNITED STATES DISTRICT JUDGE

7