IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
CHASE BANK USA, N.A.,                  : CASE NO.  1:06 CV 01222
                                        :
                          Plaintiff,    :
                                        : <u>MEMORANDUM OF OPINION AND</u>
              -vs-                      : <u>ORDER DENYING PLYMOUTH'S</u>
                                        : <u>MOTION FOR RECONSIDERATION TO</u>
                                        : <u>INTERVENE</u>
HAROLD BROWN, JR., et al.,              :
                                        :
                          Defendants.   :
                                        :
-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

     This Court denied Plymouth Park Tax Services, LLC's ("Plymouth") petition to intervene in this residential foreclosure action brought by plaintiff Chase Bank USA ("Chase") against defendants Harold and Francine Brown ("the Browns").  (Doc. 40).  The Court, further, declared as moot Plymouth's request to vacate the Decree of Foreclosure adopted on 18 January 2007, and to dismiss the foreclosure case pursuant to Ohio Civil Rule 41(B) for failure to prosecute.

     Plymouth has now petitioned for reconsideration of the Court's decision.  (Doc. 41).  In its brief, Plymouth maintains it was unaware that the residence against which it purchased three years of delinquent tax certificates was already undergoing foreclosure proceedings in federal court because, it "could not seek to foreclose upon the

certificated delinquent taxes until May 31, 2008." (Doc. 41, p. 2). Plymouth also contends that the parties before the Court cannot adequately protect Plymouth's interest because the "delinquent taxes owed to the Treasurer have a different rate of interest and the associated fees and costs are also different." (Doc. 41, p. 7).

The Court has reviewed Plymouth's petition for reconsideration and finds no grounds for reversing its prior determination. First, Plymouth's request for intervention in this matter is still untimely. Even if Plymouth could not, itself, move to foreclose upon the residential property before 31 May 2008, pursuant to O.R.C. 5721.37, there is no statutory bar to intervention on another parties' foreclosure action. Further, Plymouth claims it "was not put on notice of the [federal] foreclosure when it purchased the delinquent tax certificate from the Cuyahoga County Treasurer." (Doc. 41, p. 2). While Plymouth may not have been provided actual notice, it clearly had constructive notice, under these facts and circumstances, of a duty to take notice of the character of the residential property in which it had purchased tax liens for the years 2005 through 2007. Plymouth, through the very purchase of three years of delinquent tax obligations on this residential property, was made aware of the property's unusual debts but did nothing to inquire further as to any additional obligations against the property until 16 December 2008.

Second, Plymouth's contention that its interests cannot be adequately protected by the parties already before the Court has no merit. Plymouth purchased three tax certificates for the years 2005 through 2007, representing an accumulated tax delinquency of approximately $4,200.00. Pursuant to Ohio statute, O.R.C. 5721.30, et seq., Plymouth holds first priority from the proceeds of the sale of the subject real

2

property pursuant to the face value of the certificate. Plymouth is guaranteed its negotiated interest rate of 18.00% as well as fees, which, in this instance will be <u>de minimus</u> as Plymouth has not shouldered the cost of the foreclosure proceedings. See O.R.C. 5721.30 E(1)(a).

Upon review, the Court finds Plymouth's motion to intervene untimely under the circumstances and, further, finds that Plymouth's interests are fully protected through the tax certificate process under Ohio statutory law. Accordingly, the Court denies Plymouth's motion for reconsideration to intervene.

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE